FILED
United States Court of Appeals
Tenth Circuit

March 20, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL SEVENS MARTINEZ,

Defendant-Appellant.

No. 07-2295
(D.C. No. 02-CR-1055-JB)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

Defendant Michael Sevens Martinez pleaded guilty to second degree murder in Indian country, in violation of 18 U.S.C. §§ 1111(a), (b), and 1153. He did so pursuant to a plea agreement that stipulated to a twenty-five year sentence and contained a waiver of his appellate rights. Despite the appeal waiver, defendant filed an appeal. The government has now filed a motion to enforce the

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion to enforce and dismiss the appeal.

Martinez's docketing statement states that he intends to appeal the district court's order denying his motion to dismiss the indictment as barred by the statute of limitations set forth in 18 U.S.C. § 3282(a). After the district court denied this motion to dismiss, Martinez pleaded guilty and signed a plea agreement stating, in relevant part, that he "waives the right to appeal any component of his conviction or sentence established pursuant to [Fed. R. Crim. P.] 11(c)(1)(C) and this plea agreement." Plea Agreement at 3, ¶ 7. Martinez argues, in response to the government's motion to enforce this waiver, that he never agreed not to appeal the denial of his motion to dismiss, and therefore, his appeal is outside the scope of the appeal waiver, was not knowingly and voluntarily entered into, and that it would be a miscarriage of justice to enforce the waiver. We disagree, and conclude that Martinez waived the right to appeal this claim in his plea agreement.

In determining whether an appeal is precluded by a defendant's plea agreement waiver of appellate rights, we consider: "(1) whether the disputed appeal falls within the scope of the waiver . . . ; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. A miscarriage of justice occurs when (1) the district court relies on an

-2-

impermissible factor such as race, (2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful, i.e., the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id*. at 1327.

As noted, Martinez waived his right to appeal any component of his conviction in the plea agreement. Further, at the plea colloquy, the district court asked Martinez if he understood that he was waiving his right to appeal both his sentence and any component of his conviction or sentence, and defendant said that he did understand this. Tr. of Plea Hr'g, at 12. The appeal waiver did not provide any exception to the broad appeal waiver permitting him to challenge the denial of his motion to dismiss. Thus, this claim is within the scope of the appeal waiver. *See United States v. Lyons*, 510 F.3d 1225, 1233 (10th Cir. 2007) (holding that defendant's appeal of the denial of his motion to dismiss was within scope of his appeal waiver because the plea agreement's waiver provision did not reserve this issue as an exception to the waiver).

Further, Martinez has not met his burden of demonstrating that his waiver was not knowing and voluntary. He stated in his plea agreement that he knowingly waived his right to appeal any component of his sentence. Further, when questioned by the court during his plea colloquy, Martinez again stated he understood he was waiving his right to appeal any component of his conviction or

sentence. These admissions are entitled to great weight. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Martinez does not present any evidence or point to any other aspect of the proceedings that even suggests his appeal waiver was not entered into knowingly and voluntarily. Our review of the plea agreement and Martinez's statements in open court establishes that his waiver of appellate rights was both knowing and voluntary.

Finally, we conclude enforcement of the waiver would not result in a miscarriage of justice. Martinez claims that the conviction and sentence are unlawful because the district court erred in not dismissing the indictment. This argument does not support a claim that "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. "The relevant question . . . is not whether [defendant's] sentence is unlawful . . ., but whether . . . his appeal waiver itself [is] unenforceable." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). Martinez has not presented any argument that his appeal waiver itself was unlawful, or that enforcement of the waiver would seriously affect the fairness, integrity, or public reputation of the judicial proceedings.

Accordingly, we GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM

-4-